IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03474-CMA-NYW

LATOYA GRADY,

    Plaintiff,

v.

DIRECTV CUSTOMER SERVICES INC.,
ALAN PALMER, and
JESSICA SISNEROS,

    Defendants.

## ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO RECONSIDER, ALTER OR AMEND JUDGMENT

This matter is before the Court on Plaintiff LaToya Grady's *Pro Se*[1] Rule 59 Motion to Consider, Alter, or Amend Judgment. (Doc. # 34.) For the reasons set forth below, the instant Motion is denied.[2]

---

[1] Because Plaintiff is proceeding *pro se*, the Court liberally construes her Motion and holds it to less stringent standards than that of a formal motion drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The Court notes that Plaintiff's Motion is procedurally improper. Grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995). Such a motion is not an appropriate vehicle to advance arguments that could have been raised in prior briefing. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff did not respond to Defendant's Motion to Compel Arbitration (*see* Doc. # 32 at 3), but should have made the arguments she made in the instant Motion in such a response.

The Arbitration Agreement at issue in the instant case defines "[d]isputes which shall be submitted to binding arbitration for final resolution" as being "**all claims or controversies** ("claims"), past, present or future, **arising out of an employee's employment or termination**, . . . that an employee may have against any of the following (1) the Company; (2) its officers, directors, employees or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary and affiliated entities." (Doc. # 30-3 at 2) (emphasis added). The Arbitration Agreement also provides that "Claims for . . . Unemployment Compensation benefits cannot be submitted to binding arbitration under the Arbitration Agreement." (*Id.*)

In determining whether an issue falls within the scope of an arbitration clause, the Court examines the factual underpinnings of a claim, rather than the legal labels attached to it. *Chelsea Family Pharmacy, PLLC v. Medco Health Sols., Inc.*, 567 F.3d 1191, 1198 (10th Cir. 2009). "If the allegations underlying the claims touch matters covered by the parties' [arbitration agreement], then those claims must be arbitrated, whatever the legal labels attached to them." *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Oklahoma*, 636 F.3d 562, 570 (10th Cir. 2010) (citing *Chelsea Family Pharmacy*, 567 F.3d at 1198). Additionally, the Court classifies the particular arbitration clause at issue as either "broad" or "narrow." *Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005). Where the arbitration clause is broad, a presumption of arbitrability arises, and "matters that touch the underlying contract should be arbitrated." *Id.*; *see also Brown v. Coleman Co., Inc.*, 220 F.3d 1180, 1184 (10th Cir. 2000) (same).

The Court finds that the arbitration clause at issue here, which uses the phrase "arising out of," is broad in scope; the Tenth Circuit has repeatedly held that such a phrase signifies that the parties intended their arbitration agreement to be construed broadly. *See, e.g., Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1274-1275 (10th Cir. 2010) ("Looking to the plain language of the arbitration provision . . . including its use of the phrase 'arising out of,' we have little trouble determining that it is a broad provision.")  As such, a presumption of arbitrability attaches here.

Next, the Court looks to the factual underpinnings of the claim.  Plaintiff argues that the Court should not have compelled arbitration because her "Second claim for relief, paragraph 67, specifically states causes [sic] of action for denial of unemployment benefits in retaliation for filing administrative complaints of discrimination," and is thus "is outside of the scope of the Arbitration Agreement."  (Doc. # 34 at 2.)   However, an examination of the factual underpinnings of that "cause of action" claim make clear that Plaintiff is not bringing a traditional, independent claim for unemployment benefits against Directv, as would ordinarily be envisioned by the Agreement's exception for such claims; indeed, Plaintiff's Complaint acknowledges that she has already brought such a traditional claim with the Colorado Department of Labor, and won that claim on appeal, when she was granted a "full award" of benefits.  (Doc. # 1, ¶ 81.)  Rather, the factual allegations she makes with respect to unemployment benefits are **derivative of** (and made in support of) her Title VII retaliation claim, which is undoubtedly arbitrable.  Specifically, in the larger context of discussing how she was retaliated against by Defendants, paragraph 67 of Plaintiff's Complaint alleges that "[t]he Deputy of Colorado

Department of Labor and Employment relied upon [the] information and documents provided by Defendant Laura Barnett and Defendant Alan Palmer to deny plaintiff Unemployment Benefits [on] September 20, 2013." (Doc. # 1, ¶ 67.)

To put it slightly differently, Plaintiff has already won the benefits themselves; the only issue left to determine is whether Defendants acted in retaliation, in violation of Title VII, in allegedly preventing her from initially obtaining these benefits. This issue fits squarely within the scope of the arbitration clause, as it "arise[s] out of" her employment or its termination. As such, it must be determined in arbitration, and the Court did not err in compelling that process. *See Chelsea Family Pharm.*, 567 F.3d at 1196 (noting that a stay of an entire case to allow for arbitration is appropriate even where there are collateral claims, if arbitrable claims predominate the lawsuit). Accordingly, Plaintiff's Rule 59 Motion to Consider, Alter, or Amend Judgment (Doc. # 34) is hereby DENIED.

DATED: July 16, 2015

                                            BY THE COURT:

                                            _____
                                            CHRISTINE M. ARGUELLO
                                            United States District Judge